The contestant was amply justified in filing objections from the face of the paper. I have had occasion to examine the cases which the contestant now cites in connection with Matter of Will of Martha M. Diehl (Sur.) 112 N. Y. Supp. 717, which paper was rejected because it was not subscribed at the end. But in the present proceeding both of the subscribing witnesses and also Alexander V. Fraser, the proponent and residuary legatee (who testified without objection), all say that these additions in the nature of legacies below the subscription were not inserted at the time of the execution of the paper, and that the paper was then blank where they now appear; and Alexander V. Fraser also testifies that the paper was taken away by him, and some days thereafter he himself, of his own motion, and not in the presence of the testatrix, injected the words, "To Mary Cosgrove $200. To Dennis Phalen, 100"; that he did this either at his own residence or at his office, and after so adding the words he put the propounded paper in his safe, where it remained until after the decedent's death. He is not a lawyer. The decedent had been a servant in his family for many years, and he had looked after and cared for her. This testimony is in no way controverted. In this matter decedent did actually subscribe at the end of her will. The words so added should in no way invalidate the proper execution of the instrument. Otherwise, any words which might be written in by any person who was a stranger to the execution and who thereafter succeeded in obtaining possession of the paper would invalidate it. Certainly this is not the meaning of the statute. Matter of Jacobson, 6 Dem. Sur. 298. Therefore it seems that the cases cited by the contestant do not apply here, in view of the facts now brought out.

In other respects the testimony satisfies me that the propounded paper was properly executed, and that the decedent was of sound mind and competent to make a will, and I will therefore admit it to probate. Settle decree and decision on notice; costs to proponent and special guardian to be paid out of the funds of the estate.

Decreed accordingly.

---

(60 Misc. Rep. 33.)

## In re GARTLAND'S WILL.

(Surrogate's Court, New York County. May 6, 1908.)

TRIAL—EXPERIMENTS IN COURT.

    After a paper had been propounded as a last will, permission to apply a chemical test in open court to determine the quality and composition of ink, without preliminary preparations for safeguarding the present actual condition of the paper offered, will not be granted.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 76.]

In the matter of the will of Sarah Gartland. On order, after admitting will to probate, to show cause why the case should not be opened. Motion denied.

Charles Fox, for proponent.
William H. Loughran, for contestant.
Edward R. Finch, special guardian.

BECKETT, S. This will contest was tried, closed, and a memorandum in favor of probating the will filed May 6, 1908. Thereafter the contestant obtained an order to show cause, alleging newly discovered evidence, why the case should not be opened, and, after argument, contestant's motion was granted. The contestant simply introduced by way of newly discovered evidence the opinion of an expert in handwriting, and in that connection makes a motion during the trial, while the expert is upon the witness stand, for permission to have a chemical test applied in open court to certain writings upon the face of the propounded paper, to test the quality, chemical composition, etc., of the ink.

It is true that a surrogate of this county has heretofore permitted chemical tests to be applied to propounded papers. An order was obtained for such purpose before trial in Matter of the Will of Thomas J. Monroe (Sur.) 5 N. Y. Supp. 552. But an examination of that order will show how carefully the test was limited, and no appeal was taken from that order. I have before me another decision of Surrogate Ransom (Matter of Wait [Sur.] 1 N. Y. Supp. 784) where it would appear that the expert applied a chemical test in court. The opinion fails to disclose that any opposition was made to the application of such test. In this matter the attorney for the proponent and the special guardian both oppose contestant's motion. No photograph of the propounded paper has been taken, and I do not think the contestant can properly ask for this test, at least in the midst of the trial and without some preliminary preparation for safeguarding the present actual condition of the propounded paper. I am fully conscious of the skill and care that this expert (Mr. Carvalho) would exercise in making such a test. I know that he has frequently applied chemical tests to writings in open court. He was the expert in both of the cases referred to above, and he has, I believe, recently made a chemical test in open court in a case before one of the Vice Chancellors in the state of New Jersey. Nevertheless, I have a very strong feeling of doubt as to the propriety of subjecting a will to chemical tests. The very paper itself, unchanged, in its exact original form and character, is often of the highest importance to the parties in interest in litigation subsequent to the original probate. To take anything from or add anything or subject in any particular the propounded paper to a change at its first trial, the time of original probate, I regard as a dangerous practice. I will deny the motion.

In view of my denial of the motion to permit a chemical test during the trial, I will adhere to my decision to admit the propounded paper to probate, which decision was given in this matter on May 6, 1908 (112 N. Y. Supp. 718). Weber v. Third Ave. R. R. Co., 12 App. Div. 512, 42 N. Y. Supp. 789; Green v. Benham, 57 App. Div. 10, 68 N. Y. Supp. 248; Matter of Kearney, 69 App. Div. 481, 74 N. Y. Supp. 1045. Submit order vacating stay and decree and decision on notice.

Decreed accordingly.